UNITED STATES DISTRICT COURT
DISTRICT ~~SEALED DOCUMENT~~

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2009 AUG 21  P 3: 03

09-MC-33

IN THE MATTER OF THE APPLICATION       )
OF THE UNITED STATES OF AMERICA        )
FOR AN ORDER FOR PRODUCTION OF         )
RECORDS AND AUTHORIZING THE            )
EXTENSION OF A PEN                     )
REGISTER AND/OR TRAP AND TRACE         )
FOR MOBILE IDENTIFICATION              )
NUMBER (978) 606-5465                  )

## ORDER

This matter has come before the Court pursuant to an

Application under Title 18, United States Code, Sections 2703(c),

2703(d), 2705(b), 3123(a), 3123(b)(2) and 3124(a) by the United

States through its attorneys, John P. Kačavas, United States

Attorney, and Jennifer Davis, Assistant U.S. Attorney for the

District of New Hampshire, requesting an Order:

> (1) authorizing the production by Sprint Nextel, and any
> other electronic communications service provider(s) whose
> services, facilities and/or number(s) are involved, all
> providers of electronic communication service within the
> meaning of 18 U.S.C. § 2510(15), to the United States
> Attorney for the District of New Hampshire and to the New
> Hampshire State Police and the US Drug Enforcement
> Administration, of certain transactional records, identified
> below, from August 21, and extending sixty (60) days from
> the date of the Court's Order pertaining to
> cellular/wireless telephone number, or MIN (mobile
> identification number) (978) 606-5465, and other telephone
> numbers being dialed from or dialing into these numbers;
>
> (2) authorizing the installation and use of a pen register
> and/or trap and trace;
>
> (3) precluding the provider(s) of such service from
> disclosing to the subscriber(s) or to any other unauthorized

- 1 -

person this request, any Court Order issued in connection therewith, the fact of disclosure of such records to the requesting governmental entities or the existence of this investigation, pursuant to 18 U.S.C. § 2705(b); and

(4) sealing this Application and Order.

The Court finds first, that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records sought pursuant to 18 U.S.C. § 2703(d) are relevant and material to an ongoing criminal investigation, specifically an investigation being conducted by the New Hampshire State Police, US Immigrations and Customs Enforcement, US Drug Enforcement Agency, Manchester, New Hampshire Police Department, and New Hampshire State Police into possible violations of Title 21, United States Code, Sections 801, et. seq., as set forth in the Application.

Additionally, the Court finds that disclosure to any person of this investigation or of this Application and Order entered in connection therewith would jeopardize the investigation.

WHEREFORE, IT IS ORDERED pursuant to Title 18, United States Code, Sections 2703(d), 2705(b), 3123(a), 3123(b)(2) and 3124(a) that Sprint Nextel, and any other electronic communication service provider(s) (including but not limited to contractual roaming carrier(s)) whose services or facilities (including cell

-2-

towers) or number(s) are involved forthwith, furnish agents of the New Hampshire State Police and the US Drug Enforcement Administration with the following transactional records pertaining to cellular/wireless telephone number (978) 606-5465, and other telephone numbers being dialed from or dialing into that number, for the time period from August 21, 2009, extending sixty (60) days from the date of this Order:

a.   Cell site activation;

b.   Numbers dialed;

c.   Incoming numbers if identified, without geographic limitations;

d.   Unanswered calls which are routed directly to voicemail and incomplete calls;

e.   Call durations;

f.   Signaling information to include precise location;

g.   A listing of all control channels and their corresponding cell-sites;

h.   Subscriber, Electronic Serial Number (ESN) and/or International Mobile Subscriber Identifier (IMSI) as may be applicable, and billing information for cellular/wireless telephone number (978) 606-5465, and other telephone numbers being dialed from or dialing into that number;

i.   An engineering map, showing all cell-site tower locations, sectors, and orientations; and

j.   Subscriber, Electronic Serial Number ("ESN"), and/or International Mobile Subscriber Identifier (IMSI) as may be applicable, call detail and billing information for any other cellular/wireless telephones on the same account as cellular/wireless telephone number (978) 606-5465, or that may be identified from these records;

-3-

IT IS FURTHER ORDERED that should the cellular/wireless target telephone number, also known as an MIN, the IMEI, the IMSI, or the ESN, or combination, be changed by the subscriber during the course of this Order, the Court's Order will apply to any new MIN, IMEI, IMSI or ESN, or combination thereof.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123, that the New Hampshire State Police and the US Drug Enforcement Administration, through the appropriate telecommunication facility, may use trap and trace devices, for sixty (60) days from the date of this Order, to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information, including all inbound and outbound direct connect calls utilizing a CDR (call detail records) database, reasonably likely to identify the source of a wire or electronic communication, and a pen register to record or decode dialing, routing, addressing, or signaling information, including all inbound and outbound direct connect calls utilizing a CDR (call detail records) database, transmitted by telephone line (978) 606-5465; and,

-4-

IT IS FURTHER ORDERED, pursuant to Section 3123(b)(2) of
Title 18, that Sprint Nextel, and any other electronic
communication service provider(s) (including but not limited to
contractual roaming carrier(s)) whose services or facilities
(including cell towers and/or networks) or number(s) are involved
forthwith  shall furnish the New Hampshire State Police and US
Drug Enforcement Administration forthwith all information,
facilities, and technical assistance necessary to accomplish the
installation of the pen register and/or trap and trace
unobtrusively and with a minimum of interference with the
services that the person so ordered by the Court accords the
party with respect to whom the installation and use is to take
place.

IT IS FURTHER ORDERED that the results of the pen register
and trap and trace devices shall be furnished to the New
Hampshire State Police and the US Drug Enforcement Administration
at reasonable intervals during regular business hours for the
duration of the Order;

IT IS FURTHER ORDERED that the New Hampshire State Police
and the US Drug Enforcement Administration will reasonably
compensate the provider of a wire or electronic communication
service, landlord, custodian, or other person who furnishes
facilities or technical assistance for such reasonable expenses

-5-

incurred in providing such facilities and assistance in complying with this Order.

IT IS FURTHER ORDERED that upon request from employees of the New Hampshire State Police and the US Drug Enforcement Administration, the subject cellular/wireless telephone number shall be activated in the CALEA based solution which allows the New Hampshire State Police and the US Drug Enforcement Administration to receive Dialed Digit Extraction if available.

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Section 2703(d), Sprint Nextel, and any other electronic communication service provider(s) whose services and/or number(s) are involved, shall provide the New Hampshire State Police and the US Drug Enforcement Administration with subscriber information, including the name(s) and address(s) of the subscriber(s) (published and non-published) for the telephone numbers dialing into and being dialed from cellular/wireless telephone number (978) 606-5465 from August 21, 2009, and extending sixty (60) days from the date of this Order.

IT IS FURTHER ORDERED that this Order and the Application shall be sealed until otherwise ordered by the Court, and that Sprint Nextel, and any other electronic communication service provider(s) whose services and/or number(s) are involved, upon which this Order is served, and their agents and employees, shall

not disclose the existence of this Order or the existence of this investigation to the subscriber(s) or to any other person, unless or until otherwise ordered by the Court.

August 21, 2009

_____

Honorable Justo Arenas
United States Magistrate Judge

7